James E. Mercante, Esq.
Richard Gonzalez, Esq.
GALLO VITUCCI KLAR LLP
*Attorneys for Petitioner*
711 Third Avenue, Suite 500
New York, NY 10017
Tel: 212-683-7100

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN THE MATTER OF THE COMPLAINT

- of -

CHRISTOPHER DURNAN as Owner of a 2016 54' Sea Ray vessel, named "RIPPLE", for Exoneration from or Limitation of Liability,

Petitioner.

Case No.: 26-8725

**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

Petitioner, Christopher Durnan as Owner of a 2016 54' Sea Ray vessel, named "RIPPLE", by and through his attorneys GALLO VITUCCI KLAR LLP, as and for his Complaint for Exoneration from or Limitation of Liability, allege upon information and belief as follows:

## JURISDICTION AND VENUE

1. This is a proceeding for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. §§ 30501 *et seq.*, involving admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, as hereinafter more fully appears.

2. The Court has admiralty and maritime jurisdiction over this timely proceeding pursuant to Article III, Section 2 of the Constitution of the United States and 28 U.S.C. § 1333, because the alleged incident involved a fatality aboard a vessel upon the navigable waters of the United States, more specifically in or about the vicinity of Lake Montauk, Montauk Yacht Club, Montauk, County of Suffolk, State of New York, satisfying the requirements for invoking federal admiralty jurisdiction.

3. Venue in this district is proper because suit has been initiated against the vessel owner in this district, and this satisfies the Rule F. Limitation of Liability venue requirements. (Elma Geraldine Nolan and Marcello de Peralta, as Temporary Administrators of the Estate of Martha Nolan O'Slatarra v. Christopher Durnan, Supreme Court of the State of New York, County of New York, Index No. 159814/2026.)

4. Petitioner, Christopher Durnan, was at all pertinent times a resident of Nassau County, New York.

5. Petitioner, Christopher Durnan is the Owner of a 2016 54' Sea Ray vessel, named "RIPPLE".

6. On or about August 4, 2025, the Petitioner's vessel was upon navigable waters of the United States in the vicinity of Lake Montauk, Montauk Yacht Club, with multiple other vessels.

7. Montauk Yacht Club is a full-service resort and marina located in Montauk, County of Suffolk, New York, and provides services for recreational boats, charter boats, rental boats, charter fishing vessels, and floating docks equipped with water and electricity.

8. The general character of the activity giving rise to the incident involved the transport and/or care of guests on navigable waters.

9. Injury to a person aboard a vessel on navigable waters has the potential to disrupt maritime commerce.

10. Montauk Yacht Club has 228 boat slips, and can accommodate vessels, seasonal and transient, up to 300 feet in length.

11. Montauk Yacht Club is located on Lake Montauk, Suffolk County, State of New York, with direct access to the Atlantic Ocean, a federal shipping lane.

12. The Petitioner's vessel was well maintained and equipped.

13. Martha Nolan O'Slatarra was a guest aboard the Petitioner's vessel on August 4, 2025.

14. While on board the vessel, at approximately 12:00 a.m., on August 5, 2025, Ms. O'Slatarra was found to be unconscious and non-responsive.

15. Petitioner attempted to assist Ms. O'Slatarra, but she remained non-responsive.

16. Petitioner disembarked the vessel running to nearby vessels and seeking assistance from other vessel owners/guests.

17. Another vessel owner/guest called 911 and requested assistance.

18. Another vessel owner/guest performed cardiopulmonary resuscitation (CPR) on Martha Nolan O'Slatarra aboard Petitioner's vessel.

19. Montauk Fire Department emergency medical technicians (EMT) arrived at the Yacht Club and conducted medical treatment to Martha Nolan O'Slatarra aboard Petitioner's vessel.

20. Suffolk County Police arrived at the Yacht Club and cordoned off Petitioner's vessel upon U.S. navigable waters. The police also cordoned off nearby portions of the Yacht Club thereby restricting maritime access and exit by other vessels.

21. The actions of the police in cordoning off Petitioner's vessel and portions of the Yacht Club where Petitioner's vessel was located had an actual or potential disruptive effect on maritime commerce on U.S. navigable waters.

22. The police precluded the Petitioner from going back aboard his vessel after the incident on board.

23. The actions of the police in cordoning off portions of the Yacht Club where Petitioner's vessel was located precluded other vessel owners from being able to access their vessels upon U.S. navigable waters and to otherwise get underway.

24. As a result of the above incident, Elma Geraldine Nolan and Marcello de Peralta, as Temporary Administrators of the Estate of Martha Nolan O'Slatarra, filed a 'Summons with Notice' on August 4, 2026, in the Supreme Court of the State of New York, County of York, Index No. 159814/2026, seeking money damages.

25. No condition of the Petitioner's vessel contributed to the above incident.

26. Any claims for loss, damage and/or fatality relating to the incident of August 4-5, 2025, may exceed the value of the Petitioner's vessel on that date.

27. Any claims were not due to any fault, neglect, or want of care on the part of the Petitioner.

28. If any fault caused or contributed to the claims for loss, damage and/or fatality, which is denied, such fault, neglect, or want of care was occasioned and occurred without the Petitioner's privity or knowledge. The Petitioner acted reasonably under the circumstances.

29. The value of the Petitioner's vessel after the incident was **$476,942.00**. (See **Exhibit "A."**)

30. The Petitioner offers an Ad Interim Stipulation for Value (totaling the amount of **$476,942.00**, as substitute security), said amount being not less than the Petitioner's interest in the value of the vessel and pending freight, if any, on the date of the alleged incident, for payment into Court if the same shall be ordered after motion, as provided for by 46 U.S.C. § 30505 and 46 U.S.C. § 30511, and by Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, and by the rules and practices of this Court. (See **Exhibit "B,"** Ad Interim Stipulation for Value.)

31. The Petitioner is entitled to exoneration from liability for any claims arising from the incident of August 4-5, 2025, and from any and all claims that have been or may hereafter be made.

32. The Petitioner claims, in the alternative, the benefit of limitation of liability to the value of the vessel, provided by 46 U.S.C. §30501 *et seq*., and the various statutes supplementary thereto and amendatory thereof.

WHEREFORE, the Petitioner prays:

(1) That this Court issue an Order to include the following:

a. Directing the issuance of Notice to all persons asserting claims with respect to the August 4-5, 2025, incident which this Complaint seeks Exoneration

from or Limitation of Liability, to file their respective claims with the Clerk of this Court and to serve undersigned counsel for the Petitioner a copy hereof on or before a date to be named in the Notice.

b. Approving the Petitioner's filed *Ad Interim* Stipulation for Value as substitute security for the benefit of any and all claimants, in the amount of the Petitioner's interest in the value of the vessel, as of the date of the incident, with interest at the rate of 6% *per annum* from the date of said security or whenever the Court shall so order.

c. Directing that upon the Petitioner's filing of the *Ad Interim* Stipulation for Value, an injunction shall issue (Restraining Order) enjoining the prosecution against the Petitioner, his representatives, insurer, and the vessel, of any and all claims, suits, actions, motions or proceedings, whether or not already begun, with respect to the incident, except in this proceeding.

(2) That this Honorable Court adjudge that the Petitioner is not liable for any claims for loss, damage and/or fatality arising out of the August 4-5, 2025, incident, and is therefore entitled to exoneration from liability.

(3) If the Petitioner is adjudged liable, that such liability be limited to the Petitioner's interest in the value of the vessel, as of the date of the incident in the maximum amount of **$476,942.00**, and that the Petitioner be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured as aforesaid, to be divided *pro rata* to the above-mentioned statutes among such claimant(s) as may duly prove their claim saving to all parties any priorities to which they may be legally entitled, and that a decree

may be entered discharging the Petitioner from all further liability.

(4) That the Petitioner may have such other and further relief as justice may require.

Dated: New York, New York
October 2, 2026

**GALLO VITUCCI KLAR LLP**
*Attorneys for Petitioner,*

/s/James E. Mercante

By: James E. Mercante, Esq.
Richard Gonzalez, Esq.

*CHRISTOPHER DURNAN as Owner of a 2016 54' Sea Ray vessel, named "RIPPLE"*
711 Third Avenue, Suite 500
New York, New York 10017
(212) 683-7100
E-Mail: Jmercante@gvlaw.com
E-Mail: Rgonzalez@gvlaw.com
Our File No.: CHUM.2025006