**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

IN THE MATTER OF THE COMPLAINT

- of -

CHRISTOPHER DURNAN as Owner of a 2016 54' Sea Ray vessel, named "RIPPLE", for Exoneration from or Limitation of Liability,

Petitioner,

---

Case No.: 26-cv-08725

**ORDER**

A Complaint having been filed herein on October 2, 2026, by the above-named Petitioner, Christopher Durnan as Owner of a 2016 54' Sea Ray vessel, named "RIPPLE", for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. §§ 30501 *et seq.*, involving admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, concerning any claims for loss, damage and/or fatality claimed to have occurred on or about August 4, 2026, while the Petitioner's vessel was upon the navigable waters of the United States, in or about the vicinity of Montauk Yacht Club, Montauk, County of Suffolk, State of New York, as more fully described in the Complaint;

**AND** the Complaint having stated that the Petitioner's interest in the value of the vessel on the day of the alleged incident did not exceed the sum of **$476,942.00**;

**AND** the Petitioner has filed with the Court an Ad Interim Stipulation for Value for the benefit of any and all claimants, as substitute security, equal to the amount of the Petitioner's interest in the value of the vessel and pending freight, if any, as of the date of the alleged incident, with interest at the rate of 6% *per annum* from the date of said substitute

security, executed by marine insurers ACE American Insurance Company.

**NOW**, on motion of attorneys for the Petitioner, it is hereby:

**ORDERED** that the above-described Ad Interim Stipulation for Value, with interest as aforesaid, filed by the Petitioner for the benefit of any and all claimants as substitute security, representing the Petitioner's interest in the value of the vessel and pending freight, if any, as of the date of the alleged incident, be and is hereby approved; and

**IT IS FURTHER ORDERED** that the Court, only upon motion and good cause shown, shall cause appraisement of the value of the Petitioner's interest in the vessel, on the date of the alleged incident, and may thereupon order said substitute security, increased or reduced if it finds the amount thereof insufficient or excessive; and

**IT IS FURTHER ORDERED** that any claimant in these proceedings may express, upon motion and by written notice filed with the Court and served upon all parties of record, its dissatisfaction with ACE American Insurance Company as surety. In this event, the Petitioner shall within thirty (30) days of the entry of an order by the Court concerning the surety, cause substitute security to be posted in the form provided by Supplemental Rule F(1) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, and satisfactory to this Court failing which the injunction entered concurrently herewith will be vacated as to all claimants, and the Court will make such further orders as the justice of the cause may require; and

**IT IS FURTHER ORDERED** that a Notice shall be issued by the Clerk of this Court in a form similar to the attached to all persons, firms, entities or corporations, having any claim or suit against the Petitioner or his vessel, with respect to which the Complaint seeks exoneration from or limitation of liability, admonishing them to file their respective claims with the Clerk of this Court, in

writing, and to deliver or mail to the attorneys for the Petitioner, James E. Mercante, Esq., GALLO VITUCCI KLAR LLP, 711 Third Avenue, Suite 500, New York, NY 10017, a copy thereof, ON OR BEFORE THE 25th DAY OF January, 2027, or be defaulted; and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, such claimant shall file an Answer to the Complaint on or before the aforesaid date, unless the claim has included an Answer to the Complaint, as required by Supplemental Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, and deliver or mail a copy to the attorneys for the Petitioner, or be defaulted.

**IT IS FURTHER ORDERED** that the aforesaid Notice shall be published in a newspaper with a general circulation, once a week for four (4) weeks before the return date of said Notice, as provided by the aforesaid Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, and copies of said Notice shall be mailed by the Petitioner in accordance with this Rule to every person known to have any claim against the vessel, or the Petitioner, or to his attorneys; and

**IT IS FURTHER ORDERED** that the further prosecution of any and all actions, suits and proceedings already commenced and the commencement or prosecution hereafter of any and all suits, actions, or proceedings of any nature and description whatsoever in any Court of any jurisdiction, or otherwise, against the Petitioner, insurers, and/or the vessel, and the taking of any steps, entry of any order or judgment and the making or continuing of any motion in and/or concerning such actions, suits or proceedings except in this action, with respect to the aforesaid alleged incident, be and they hereby are restrained, stayed and enjoined until the hearing and determination of this action, and all warrants of arrest of the vessel, and/or

attachments issued or sought in such other suits, actions or legal proceedings be and the same are hereby dissolved and further warrants of arrest of the vessel, and/or attachments are hereby prohibited; and

**IT IS FURTHER ORDERED** that service of this Order as a Restraining Order be made through the Post Office by mailing a conformed copy hereof to the person or persons to be restrained, or to their respective attorneys.

Dated: October 27, 2026
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN THE MATTER OF THE COMPLAINT

- of -

CHRISTOPHER DURNAN as Owner of a 2016 54' Sea Ray vessel, named "RIPPLE", for Exoneration from or Limitation of Liability,

Petitioner.

Case No.: 26-cv-08725

**NOTICE**

PLEASE TAKE NOTICE that Petitioner, Christopher Durnan as Owner of a 2016 54' Sea Ray vessel, named "RIPPLE", brings this action pursuant to 46 U.S.C. § 30501 involving admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, concerning any claims for loss, damage and/or fatality claimed to have occurred on or about August 4, 2026, while the Petitioner's vessel was upon the navigable waters of the United States, in or about the vicinity of Montauk Yacht Club, Montauk, County of Suffolk, State of New York, as more fully described in the Complaint; and

**PLEASE TAKE FURTHER NOTICE** that all persons, firms, entities or corporations, having any claim or suit against the Petitioner or the vessel, arising or resulting from the alleged

incident must file a claim as provided in Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, with the Clerk of the Court, at the United States District Court, Southern District of New York, 500 Pearl St, New York, NY 10007, and must deliver or mail to the attorneys for the Petitioner, James E. Mercante, Esq., GALLO VITUCCI KLAR LLP, 711 Third Avenue, Suite 500, New York, NY 10017, a copy on or before the 25th day of January, 2026 or be defaulted. Personal attendance is not required. Further, any claimant desiring to contest the Petitioner's right either to exoneration from or limitation of liability shall file an Answer to the Complaint on or before the aforesaid date as required by Supplemental Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure and deliver or mail a copy to the attorneys for the Petitioner or be defaulted.

Dated: ____________________

____________________

______________________________
Clerk